UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY JOHNSON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>RICH HILL,<br><br>　　　　　Respondent. | Case No.: 1:13-cv-02036-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS SECOND AND SUCCESSIVE (Doc. 1)<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK OF THE COURT TO ASSIGN DISTRICT JUDGE TO CASE |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

The instant petition was filed on December 12, 2013, challenging Petitioner's September 16, 1998 conviction in the Fresno County Superior Court for, inter alia, attempted murder and assault with a deadly weapon, resulting in his present incarceration for an indeterminate term of 15 years to life. In the course of conducting a preliminary screening of the petition, it has come to the Court's attention that Petitioner has previously filed two other federal habeas petitions challenging this same conviction.

A review of the Court's own docket reflects that Petitioner has previously filed petitions in this Court challenging his 1998 conviction, as follows: (1) in case no. 1:01-cv-05915-AWI-HGB, the

1

petition was denied on its merits; and (2) in case nos. 1:11-cv-00428-AWI-SMS, the petition was dismissed as being a successive petition, and on appeal, the Ninth Circuit denied a certificate of appealability.

## DISCUSSION

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The Court must also dismiss a second or successive petition raising a *new ground* unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).

However, it is not this Court that decides whether a second or successive petition meets these requirements that allow a petitioner to file a second or successive petition, but rather the Ninth Circuit. Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." **In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court**. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997).[1] Petitioner makes no showing that he has obtained prior leave

---

[1] Petitioner contends that the AEDPA does not apply here and that he is raising a claim of an illegal sentence pursuant to Fed. R. Civ. Pro. Rule 60(b)(6), as an "extraordinary writ." (Doc. 1, p. 1). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. Pro. Rule 60(b). Here, it is unclear what previous order for which Petitioner is seeking

from the Ninth Circuit to file this successive petition attacking his conviction.  That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under § 2254 and must dismiss the petition.  See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991.  If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must first file for leave to do so with the Ninth Circuit.  See 28 U.S.C. § 2244 (b)(3).

**ORDER**

For the foregoing reasons, the Clerk of the Court is DIRECTED to assign a United States District judge to this case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED as a second and successive petition.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

///

///

///

---

reconsideration.  However, assuming it was the Court's December 23, 2011 dismissal of his petition in case no. 1:11-cv-00428-AWI-SMS as successive, his motion is untimely by almost a year.  It is apparent to the Court that Petitioner is actually seeking to avoid the "second and successive" prohibition by re-captioning his habeas petition as something other than a habeas petition, e.g., an "extraordinary writ."  However, Petitioner is challenging the same conviction and sentence as in the two previous petitions on grounds that are classically habeas, e.g., ineffective assistance of counsel, insufficient evidence, etc.  Accordingly, the Court construes the instant pleading as a habeas petition pursuant to 28 U.S.C. § 2254.  As such, Petitioner's contention that the AEDPA does not apply to his case is specious.

The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 8, 2014**                              /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE